**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOYCE BOWEN and RICHARD BOWEN,

              Plaintiffs,

              v.

ALLSTATE INSURANCE COMPANY,

              Defendant.

CIVIL ACTION NO. 3:13-CV-2812

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is a Notice of Removal by Defendant Allstate Insurance Company.  (Doc. 1).  Because the Notice of Removal fails to establish that the Court has subject matter jurisdiction over the action, it will be dismissed unless Defendant can show that diversity jurisdiction is proper.

## I. Background

Plaintiffs Joyce Bowen and Richard Bowen originally filed this action in the Court of Common Pleas of Lackawanna County, Pennsylvania on or about October 21, 2013.  (Doc. 1, Ex. A.)  In their Complaint, Plaintiffs allege breach of contract by Allstate Insurance Company in the investigation, evaluation, and payment of their claims under an automobile insurance policy. (*Id.* ¶¶ 22–51.)

On November 18, 2013 Defendant removed the action to this Court.  (Doc. 1.)  Defendant alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).  (*Id.* ¶ 10.)  In the Notice of Removal, Defendant avers that diversity of citizenship exists between the Plaintiffs and Defendant "since the Plaintiffs are residents of Pennsylvania and Defendant has a principal place of business at 2775 Sanders Road, North Brook, Illinois 60062." (*Id.* ¶ 11.)

## II. Analysis

Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

### A. Corporate Defendant

In this case, Defendant's Notice of Removal fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges its own citizenship. A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation may only have *one* principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has *"its* principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained

2

"*a* principal place of business," rather than "*its* principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

Here, Defendant's Notice of Removal only includes facts as to where the corporate Defendant has *a* principal place of business. (Doc. 1, ¶ 11.) To properly plead the citizenship of this corporation, Defendant must also allege where it has its principal place of business. Furthermore, Defendant must allege the state in which it is incorporated. As the Notice of Removal does not contain these facts, the Court cannot determine whether there is proper jurisdiction over the Defendant.

## B. Individual Plaintiffs

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where they are domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914).

To the extent the Notice of Removal alleges that Plaintiffs are residents of the Commonwealth of Pennsylvania, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). To properly allege diversity, Defendant must allege its state of citizenship, not merely of residence. As the Notice of Removal does not contain this fact, the Court cannot determine whether subject matter jurisdiction exists.

### III. Conclusion

As Defendant has not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3).  However, because "removal is based on allegations of diversity jurisdiction and diversity jurisdiction appears to exist in light of other documents in the record, courts in this district have allowed defendants to amend a notice of removal to correct technical deficiencies in the notice's allegations regarding citizenship of a party." *Petroski v. Kmart Corp.*, No. 12–955, 2012 WL 1899706 (M.D.Pa. May 24, 2012) (internal citations omitted).  As such, Defendant will be given twenty-one (21) days in which to file an amended notice of removal to properly allege the citizenship of the parties. Failure to do so will result in the dismissal of this action.

An appropriate order follows.


 December 9, 2013                                        /s/ A. Richard Caputo
Date                                                     A. Richard Caputo
                                                         United States District Judge